UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Derrick E. Kirtman, #08020-062, | ) C/A No. 4:16-2839-TMC-TER |
|        Plaintiff, | ) |
| | ) Report and Recommendation |
| vs. | ) |
| Chaplain Helbig, | ) |
| S.I.A. Stivers, | ) |
| S.I.A. Lt. Dumbar, | ) |
| Warden Cruz, | ) |
| Case Manager McCellan, | ) |
| Hospital Administrator, Jane Doe-1, | ) |
| Assistant Hospital Administrator Whitehurst, | ) |
| Assistant Warden Landford, | ) |
| Assistant Warden John Doe-2 | ) |
| Register Nurse K. Caluago, | ) |
| Register Nurse Jane Doe-3, | ) |
| Correctional Officer John Doe-4, | ) |
| Counselor Parker, | ) |
| Counselor Coates, | ) |
| Unit Manager Horton, | ) |
| Warden Tewer, | ) |
| M.D. Jesus Fernandez, | ) |
| M.D. Ross Quinn, | ) |
| P.A. Hernandez, | ) |
| P.A. Brisitte Wolverton, | ) |
| E. Topete, | ) |
| Warden John Doe-5, | ) |
|        Defendants. | ) |

This is a civil action filed by Plaintiff, a federal prisoner confined in Missouri, proceeding *pro se*, alleging violations of his constitutional rights against federal employees in their individual capacity under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Pursuant to the provisions of 28 U.S.C. § 636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review such complaints for relief and

submit findings and recommendations to the district judge. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir.1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2) (B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *See Neitzke*, 490 U.S. at 327.

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent

standard, however, the *pro se* complaint can be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## BACKGROUND

Plaintiff sues twenty-two defendants and separates the defendants as Williamsburg Defendants (Helbig, Stivers, Dumbar, Cruz, McCellan, Doe-1, Whitehurst, Landford, Doe-2, Caluago, Doe-3, and Doe-4) and Victorville Defendants (Parker, Coates, Horton, Tewer, Fernandez, Quinn, Hernandez, Wolverton, Topete, and Doe-5). The claims alleged as to the Williamsburg Defendants occurred in South Carolina approximately between September 2013 and August 2014. The claims alleged as to the Victorville Defendants (hereinafter "California Defendants") occurred in California around August 2014. The California Defendants and claims are subject to dismissal due to a lack of personal jurisdiction and lack of venue.

As to the Williamsburg Defendants, Plaintiff alleges 1) denial of right to exercise religious belief, 2) denial of first amendment right to file grievance without retaliation, 3) deliberate

indifference to medical care, and 4) supervisory liability.

## DISCUSSION

*I. California Defendants*

A. Personal Jurisdiction

A requirement in any civil action is that the particular district court in which a Complaint is brought must have personal jurisdiction over the defendants. A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. Fed. R. Civ. P. 4(k)(1)(A), 4(e)(1); *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir.1997). The exercise of jurisdiction over a non-resident defendant must be both authorized under the state's long-arm statute and must comport with the due process requirements of the Fourteenth Amendment. *Carefirst of Md. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 396 (4th Cir.2003). Under South Carolina's long arm statute, S.C. Code Ann. § 36-2-803, nonresidents may be served and subjected to state court jurisdiction when certain types of facts are presented in a case (e.g. entering a contract in this state, committing a tort in this state, etc.). None of those types of facts are presented in this case as to the California Defendants. The California Defendants lack sufficient connection to South Carolina. Thus, the District of South Carolina cannot extend its personal jurisdiction to reach the California Defendants.

A district court may exercise personal jurisdiction over a non-resident defendant "if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993). South Carolina's long-arm statute extends to the outer limits of Fourteenth Amendment due process and as such the only question then is "whether the exercise of personal jurisdiction

4

would violate due process." *See, e.g., Cockrell v. Hillerich & Bradsby Co.*, 611 S.E.2d 505, 508 (S.C. 2005). Due process is satisfied in relation to personal jurisdiction, if a defendant purposefully avails himself of the privilege of conducting business within the forum state. *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985). There must be sufficient "minimum contacts" with the forum state, such that maintenance of the suit does not offend traditional notions of "fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 3206 (1945); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). The analysis here to personal jurisdiction as to the California Defendants is simple: the Defendants work in California; the action complained of occurred in California; the Plaintiff resides in a federal prison medical facility in Missouri. There are no contacts, purposeful availment, or sufficient connection with the state of South Carolina by the California Defendants. Thus, it is recommended that the California Defendants and claims arising from events in California be dismissed without prejudice due to a lack of personal jurisdiction.

B. Venue

Plaintiff is a federal prisoner suing federal employees in their *individual* capacity. As such, venue is governed by 28 U.S.C. § 1391(b) and not 28 U.S.C. § 1391(e):

> (b) Venue in general.--A civil action may be brought in–
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff has two sets of facts that coincide with sets of defendants, one set arises from events

in South Carolina with South Carolina Defendants and one set arises from events in California with California Defendants. The claims regarding deliberate indifference to medical care may be similar but arise out of two different facts, even though Plaintiff's medical needs may have remained the same in both California and South Carolina. As to the claims related to the California Defendants, those Defendants do not reside in South Carolina, no part of the events giving rise to those claims occurred in South Carolina, and there likely is a judicial district where venue would be proper. It is recommended that this court decline to find venue proper as to the California claims in the District Court of South Carolina.

C. Transfer or Dismiss

After finding improper venue as to part of Plaintiff's claims/defendants, the question remains whether to parcel out the California claims and California Defendants and transfer to an appropriate venue or to dismiss. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The undersigned recommends dismissal without prejudice of the California Defendants due to finding no persuasive reason in the interest of justice to transfer. Plaintiff is a federal prisoner and there is likely no prejudice to Plaintiff modifying his Complaint and refiling as to the California Defendants in a California district court. Additionally, Plaintiff is proceeding *in forma pauperis* and expended no funds to file this action.

*II. South Carolina/Williamsburg Defendants*

Plaintiff brings suit against federal officials/employees and as such his constitutional claims are analyzed under *Bivens*, which "established that victims of a constitutional violation by a federal

6

agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980). A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983. However, federal officials cannot be sued under § 1983, because they do not act under color of state law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 & n.30 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443–44 (4th Cir.1988) (abrogated on other grounds in *Johnson v. Jones*, 515 U.S. 304 (1995)). Violations of the First[1], Fourth, Fifth, and Eight Amendments are cognizable claims under the expansion of *Bivens*. *See Carlson v. Green*, 446 U.S. 14 (1980), *Davis v. Passman*, 442 U.S. 228 (1979), *Crocker v. Wright*, 143 Fed. Appx. 523 (4th Cir. 2005) (unpublished).

Rule 8 of the Federal Rules of Civil Procedure requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose behind Rule 8 is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted). Further, the plaintiff is obligated to provide "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do ..." *Id*. Even though a *pro se* plaintiff's pleadings are to be liberally construed, a *pro se* complaint must still contain sufficient facts "to raise a right to relief

---

[1] *Cf. Bush v. Lucas*, 462 U.S. 367 (1983)(recognizing no *Bivens* action for a First Amendment violation regarding federal employee plaintiffs suffering adverse employment action because there was a statutory remedial scheme for such employees). This court has recognized that First Amendment claims by prisoners are cognizable under *Bivens*. *See Searcy v. Broom*, 2007 WL 675695 (D.S.C. Feb. 28, 2007) and *Tillman v. Hamidullah*, 2007 WL 3274329 (D.S.C. Nov. 2, 2007).

above the speculative level" and "state a claim to relief that is plausible on its face." *Id.* at 555, 570; *see also Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 252 (4th Cir. 2005).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* Defendants will not know how to respond to conclusory allegations, especially when "the pleadings mentioned no specific time, place, or person involved." *Twombly*, 550 U.S. at 565 n. 10. Complaints should contain facts in regard to who did what to whom and when. *Id.*

A. Denial of Right to Exercise Religious Belief

Under the First Amendment, inmates clearly retain the right to free exercise of religion in prison. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). To state an actionable violation under the Free Exercise Clause, a plaintiff must show both that he sincerely held a religious belief and that the defendant's actions substantially burdened his religious freedom or expression. *Jehovah v. Clarke*, 798 F.3d 169, 177-80 (4th Cir. 2015). A substantial burden is when a defendant puts substantial pressure on a prisoner to modify his behavior and violate his beliefs. *Id.*

Plaintiff alleges the following facts. Chaplain Helbig is a Lutheran; Plaintiff holds non-Trinitarian religious beliefs. Helbig refuses to perform baptisms, so an outside guest comes to the prison to perform baptisms. Plaintiff complains that there was no notification in advance that a guest was coming for baptism and communion. The baptism tank had insufficient water and was filled from dirty mop buckets. The communion glasses were unsanitized. Plaintiff also contends it was inappropriate for Chaplain Helbig to address Plaintiff's complaints in front of elders with different

beliefs. Helbig threatened to cancel the non-Trinitarian services. Plaintiff states due to the lack of advanced notice, inmates were baptized in their underwear around women staff workers. The Plaintiff states the facts in terms of "we" and "inmates."

Defendant Helbig's actions regarding the baptism and communion did not substantially burden Plaintiff's religious freedom as a matter of law. Plaintiff does not allege any facts that he was pressured from Defendant's actions to change his behavior to forego his religious beliefs. Plaintiff was able to exercise his religious beliefs; he had access to a communion and baptism ceremony. Conditions were not of a substantial level to pressure him to not take part in the ceremonies. To the extent that Plaintiff's allegations are generally in regard to others(the guest performing baptism and other inmates), Plaintiff cannot sue on behalf of other prisoners. *See Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir.1981). Plaintiff fails to state a claim in regard to religious exercise, and this claim is subject to summary dismissal. However, the court does not recommend dismissal of Helbig as a defendant, due to the alleged retaliation claim, as discussed below.

B. Retaliation

To establish a First Amendment retaliation claim, a plaintiff must show (1) that his speech was protected; (2) the defendants' alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech; and (3) a causal relationship exists between the plaintiff's speech and the defendants' retaliatory action. *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685-86 (4th Cir. 2000). A prisoner must allege facts showing his exercise of a constitutionally protected right was a substantial factor motivating the retaliatory action. *See e.g., Cochran v. Morris*, 73 F.3d 1310, 1318 (4th Cir. 1996).

In order to state a claim, Plaintiff's speech of filing a grievance against Chaplain Helbig must

be considered protected speech. The Fourth Circuit, in an unpublished opinion, has recognized that a prisoner's claim of retaliation for filing grievances did implicate the prisoner's First Amendment rights of free speech. *Gullet v. Wilt*, 869 F.2d 593 (4th Cir. 1989) (unpublished). Additionally, seven other circuits have recognized that the filing of a grievance is a protected First Amendment activity not subject to retaliatory action by prison officials. *See Gill v. Pidlypchak*, 389 F.3d 379, 384 (2d Cir. 2004), *Bibbs v. Early*, 541 F.3d 267, 272 (5th Cir. 2008); *Hill v. Lapin*, 630 F.3d 468, 471-72 (6th Cir. 2010), *Haynes v. Stephenson*, 588 F.3d 1152, 1155-56 (8th Cir. 2009), *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010), *Boxer X v. Harris*, 437 F.3d 1107, 1112 (11th Cir. 2006). Given the aforementioned cases and the liberal construction under initial review, Plaintiff alleges enough facts to state a claim under part one of the test for a retaliation claim.

In regard to the alleged retaliatory action by defendants and the causal relationship parts of the test, Plaintiff states a level of facts against some Defendants to state a claim and survive initial review. Plaintiff alleges that Chaplain Helbig threatened that if Plaintiff filed a grievance that he would be transferred to SHU and he would have his friend Stivers perform the SHU placement. Plaintiff states that within forty-five minutes of mailing the BP-10 form, by giving it to Defendant John Doe-4, that Plaintiff was placed in SHU per Stivers' request due to Helbig's prior threat. Temporal proximity to protected speech and retaliation supports the element of causation. *See Saleh v. Upadhyay*, 11 Fed. App'x 241, 256 (4th Cir. 2001). Normally, a transfer without more does not rise to the level of adverse action that would deter a person of ordinary firmness from the exercise of his rights. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005) and *Sturkey v. Ozmint*, 2010 WL 4923111, *3 (D.S.C. 2010)(internal citations omitted).

However, Plaintiff's allegations of retaliatory action are more than the near immediate transfer. Plaintiff alleges that specific prescribed medications were cancelled and specific scheduled surgeries were cancelled, and these cancellations resulted in numerous complications and a transport to the local hospital as a result. These allegations carry into Plaintiff's next claim for deliberate indifference to medical care.

Plaintiff provides sufficient factual allegations to withstand summary dismissal against Defendant Helbig due to the allegations of Helbig taking the exact actions threatened by having Stivers perform the SHU transfer due to the grievance filing, and the resulting medical consequences from the cancellations of prescriptions and surgeries. Plaintiff provides sufficient factual allegations to withstand summary dismissal against Defendant Stivers as Plaintiff alleges that Stivers placed Plaintiff in SHU and medications and surgeries were cancelled in alleged retaliation for filing a grievance against Helbig. Plaintiff alleges he was transported to the local hospital due to the complications resulting from denial of the nine medications by Stivers.

There are not sufficient factual allegations against John Doe-4 to state a claim under *Bivens*, as all that is alleged is he accepted the mail. Thus, summary dismissal of John Doe-4 is recommended.

There are not sufficient factual allegations against McCellan to state a claim. Plaintiff alleges that McCellan refused to process any administrative appeals[2] and refused to give forms to Plaintiff

---

[2] Plaintiff's allegations, however, may have some significance when considering exhaustion. Only available remedies are required to be exhausted. *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). If a prisoner through no fault of his own was prevented from availing himself of the grievance procedure, then the administrative remedies would be considered unavailable to him. *See id.* However, a failure to exhaust available administrative remedies is not a jurisdictional requirement and prisoners are not required to plead exhaustion or bear the burden of proof on exhaustion. *Id.* At this juncture, a failure to exhaust is not evident on the

but gave forms to other inmates. "[T]here is no constitutional right to participate in grievance proceedings." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Thus, it is recommended that any claims against McCellan be summarily dismissed for failure to state a claim for relief.

C. Deliberate Indifference to Medical Care.

A claim for deliberate indifference to medical care arises from the Eight Amendment. *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Plaintiff must show that officials acted with deliberate indifference to the prisoner's serious medical needs. *Id.*(citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). The facts on the face of Plaintiff's complaint at this stage are sufficient to continue past initial review. Plaintiff alleges that, out of retaliation, nine specifically named prescription medications and two surgeries(total bilateral hip replacement and tonsillectomy) were cancelled by some of the Defendants. Plaintiff alleges that as a result of those actions/inactions, medical complications arose causing Plaintiff to be transported by ambulance to a local hospital. Plaintiff alleges Jane Doe-1 and Whitehurst refused to provide Plaintiff with his medications and surgeries and the reasons were because both were awaiting a decision from Stivers regarding Plaintiff's placement in SHU. Plaintiff makes sufficient factual allegations against Nurses Caluago and Jane Doe-2. Thus, the service of Defendants Jane Doe-1, Whitehurst, Caluago, and Jane Doe-2 is recommended, through a separately docketed order.

D. Supervisory Liability

Generally, vicarious liability or *respondeat superior* is not available to a § 1983/ *Bivens* plaintiff as a method to create liability of a supervisor for the acts of his subordinate. *See Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 694 (1978). There is a limited exception to the prohibition as long

---

face of the pleadings and the court is not required to address it further *sua sponte*.

as the facts alleged meet the Fourth Circuit Court of Appeal's three-part test for supervisor liability:

    (1)    that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;

    (2)    that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and

    (3)    that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)(citations omitted); *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984). Plaintiff alleges that Warden Cruz had knowledge of the SHU placement and the retaliatory reasons for the cancellation of surgeries and medications and failed to conduct any inquiry. Under a liberal construction of Plaintiff's *pro se* complaint, the undersigned recommends service of Warden Cruz.

However, Plaintiff has not adequately pleaded the supervisory liability exception as to Defendants Dumbar, Warden Landford, and Warden John Doe-2. There are not sufficient factual allegations against Dumbar as to any personal conduct or any supervisory capacity as Plaintiff simply states Dumbar did not conduct an investigation. Plaintiff does not make sufficient factual allegations to plead supervisory liability against Warden Landford and Warden John Doe-2. None of the supervisory officials named as Defendants can be held liable simply based on their oversight of subordinates here. The Complaint does not indicate any personal involvement by these specifically named defendants and does not allege facts to meet the supervisory liability exception. Plaintiff fails to state a claim for which relief can be granted as to Defendants Dumbar, Warden Landford, and Warden John Doe-2, and summary dismissal without service as to these Defendants is recommended.

**RECOMMENDATION**

Accordingly, it is recommended that the district court partially dismiss the complaint in this case without prejudice. *See Brown v. Briscoe*, 998 F. 2d 201, 202-204 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). As noted above, it is recommended that Defendants John Doe-4, Dumbar, McCellan, Landford, and John Doe-2, and all California Defendants (Parker, Coates, Horton, Tewer, Fernandez, Quinn, Hernandez, Wolverton, Topete, and John Doe-5) be summarily dismissed without issuance and service of process. In a separately docketed order, the court has authorized the issuance and service of process on the remaining Defendants Helbig, Stivers, Cruz, Jane Doe-1, Whitehurst, Caluago, and Jane Doe-3.

s/ Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

September 21, 2016
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).