IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Derrick E. Kirtman, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Chaplain Helbig, S.I.A. Stivers, | ) | |
| S.I.A. Lt. Dumbar, Warden Cruz, | ) | |
| Case Manager McCellan, | ) | |
| Hospital Administrator, Jane Doe-1, | ) | C/A No. 4:16-2839-TMC-TER |
| Assistant Hospital Administrator Whitehurst, | ) | |
| Assistant Warden Landford, | ) | |
| Assistant Warden John Doe-2, | ) | **ORDER** |
| Register Nurse K. Caluago, | ) | |
| Register Nurse Jane Doe-3, | ) | |
| Correctional Officer John Doe-4, | ) | |
| Counselor Parker, Counselor Coates, | ) | |
| Unit Manager Horton, Warden Tewer, | ) | |
| M.D. Jesus Fernandez, M.D. Ross Quinn, | ) | |
| P.A. Hernandez, P.A. Brisitte Wolverton, | ) | |
| E. Topete, Warden John Doe-5, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Derrick E. Kirtman, a federal prisoner proceeding pro se, filed this action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss Plaintiff's complaint as to Defendants John Doe-4, Dumbar, McCellan, Landford, and John Doe-2, and all California Defendants (Parker, Coates, Horton, Tewer, Fernandez, Quinn, Hernandez, Wolverton, Topete, and John Doe-5) without prejudice and without issuance and service of

1

process. (ECF No. 14). Plaintiff was advised of his right to file objections to the Report, and he filed timely objections. (ECF No. 18). Accordingly, this matter is now ripe for review.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *See id.*

In his Report, the Magistrate Judge recommends that court dismiss Plaintiff's complaint as to Defendants John Doe-4, Dumbar, McCellan, Landford, and John Doe-2, and all California Defendants (Parker, Coates, Horton, Tewer, Fernandez, Quinn, Hernandez, Wolverton, Topete, and John Doe-5) without prejudice and without issuance and service of process. (ECF No. 14). Among other things, the Magistrate Judge determined that Plaintiff had not adequately pled supervisory liability against Defendants Wardens Landford and John Doe-2. (Report at 13). In his objections, Plaintiff only objects to this recommendation. He asserts that he should be allowed to amend his complaint to add factual allegations only in regard to his claims against Defendants Lanford and John Doe-2. In his objections, Plaintiff specifically contends that these two defendants "were notified of the fact that Plaintiff's necessary cronic (sic) medications were being denied by the other named Defendants." (Objections at 3).

A plaintiff must establish three elements to prevail under § 1983 on a theory of supervisory liability under § 1983: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that

2

knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.1994) (citations omitted).  Because Plaintiff is proceeding pro se, the court will allow him the opportunity to supplement his complaint as to his claims against only these two Defendants.  *Adams v. Jones*, C/A No. 2:05-CV-434, 2005 WL 4163671, at *2 (E.D. Va. Oct. 27, 2005) (noting that pro se plaintiffs should be allowed to particularize their claims when their complaint states a "potentially cognizable claim"), aff'd, 170 Fed.Appx. 827 (4th Cir. 2006).

Accordingly, after a thorough review of the record, the court adopts the Report (ECF No. 14) in part. Therefore, Defendants John Doe-4, Dumbar, McCellan,, and all California Defendants (Parker, Coates, Horton, Tewer, Fernandez, Quinn, Hernandez, Wolverton, Topete, and John Doe-5) are summarily **DISMISSED** without prejudice and without issuance and service of process.   Plaintiff is to file a supplemental complaint adding specific factual allegations only against Defendants Lanford and John Doe-2 within 21 days of the date of this order.

**IT IS SO ORDERED.**

/sTimothy M. Cain  
United States District Judge

Anderson, South Carolina  
February 2, 2017

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if applicable.

3